AO 245 S (Rev. 04/98) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                           Case Number    01-9084

LUKE A. ATWELL

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, LUKE A. ATWELL, appeared pro se, having waived counsel.

The defendant pled guilty to count(s) 1 and 2 of the Violation on November 15, 2001.  Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 2C:33-15 | Under age drinking. | May 30, 2001 | Ct. 1 |
| 39:4-50.14 | Driving under the influence by a minor. | May 30, 2001 | Ct. 2 |

As pronounced on November 15, 2001, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $10.00 , for count(s) 1 and 2 ($5.00 for each count), which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___28th___ day of January, 2002.

_____
Anthony R. Mautone
United States Magistrate Judge

Defendant's SSN:
Defendant's Date
Defendant's address: 20 Sheffield Avenue, Jackson, NJ 08022

AO 245 S (Rev. 4/98)(NJ Rev. 2.0) Sheet 4 - Probation

Judgment--Page 2 of 4

Defendant:  LUKE A. ATWELL
Case Number:  R2190578(79)

## PROBATION

The defendant is hereby placed on administrative probation for a term of 1 year.

While on probation, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below);

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs or restitution obligation, it shall be a condition of probation that the defendant pay any such fine, assessment, costs and restitution.

and shall comply with the following additional conditions:

The defendant shall complete 12 hours of I.D.R.C.

The defendant's drivers license is suspended for a period of 6 months.

AO 245 S (Rev. 4/98)(NJ Rev. 2.0) Sheet 4a - Probation

Judgment--Page 3 of 4

Defendant:  LUKE A. ATWELL
Case Number:  R2190578(79)

### STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1)   The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)   The defendant shall not illegally possess a controlled substance.

3)   If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4)   The defendant shall not leave the judicial district without the permission of the court or probation officer.

5)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7)   The defendant shall support his or her dependents and meet other family responsibilities.

8)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/98)(NJ Rev. 2.0) Sheet 5 - Fine

Judgment--Page 4 of 4

Defendant:  LUKE A. ATWELL
Case Number:  R2190578(79)

## FINE

This amount is the total of the fines imposed on individual counts, as follows:

$100.00 for count 1 and $250.00 for count 2.  The defendant shall pay a total fine of $350.00.

This fine, plus any interest pursuant to 18 USC § 3612(f)(1), shall be paid by February 14, 2002.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.